IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TODD ALAN DUELL,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BRENDA L. McCORMICK, *et al.*,<br><br>　　　　Defendants. | Case No. 24-mc-00639 MWJS-RT<br><br>ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION |

**ORDER DISMISSING COMPLAINT**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

Pro se Plaintiff Todd Alan Duell filed this miscellaneous action on November 8, 2024.  ECF No. 1.  He does not seek to bring a civil case, but rather a criminal complaint. And he names as defendants the Chief Judge and Clerk of this Court,[1] as well as Brenda L. McCormick, Jeremy Barnum, Stacey Friedman, Selvi Stanislaus, Jozel Burnett, and Jeff Comber.

---

[1]　Because the complaint is patently frivolous and judicial immunity clearly would apply to the claims against Chief Judge Derrick K. Watson and Clerk of Court Lucy H. Carrillo, the undersigned need not recuse based on those claims.  *See Guide to Judiciary Policy*, Vol. 2., Pt. B., Ch. 3 Compendium of Selected Opinions § 3.6-6[1](b) ("When a judge . . . is named as a defendant and his credibility or personal or financial interests are at issue, all judges of the same district should recuse, unless the litigation is patently frivolous or judicial immunity is clearly applicable."); *see also Lagmay v. Nakakuni*, Civ. No. 17-00308, 2017 WL 2974928, at *4 n.3 (D. Haw. July 12, 2017).

Because federal courts have limited power to hear cases, a plaintiff has the burden to establish that the Court may properly exercise power—that is, that it has subject matter jurisdiction—over the plaintiff's case. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). And where a plaintiff lacks a judicially cognizable interest in the outcome of a case, or standing, under Article III of the United States Constitution, a court lacks subject matter jurisdiction over their claims. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a case or controversy, and an Article III federal court therefore lacks subject matter jurisdiction over the suit." (internal quotation marks omitted)).

Under these principles, the Court must dismiss this matter. Duell "is attempting to initiate a criminal complaint against defendants," but "the Court has no authority or power to order the relief" that he seeks. *Wilson v. Clallam County PUD #1*, No. C23-5203, 2023 WL 2599202, at *2 (W.D. Wash. Mar. 22, 2023) (internal quotation marks omitted). A criminal complaint can only be initiated in this Court by a federal prosecutor, and not by a private citizen. *Id.* In other words, "a private litigant 'lacks standing to compel an investigation or prosecution of another person.'" *Cox v. United States*, Civ. No. 17-00001, 2017 WL 2385341, at *5 (D. Haw. May 31, 2017) (quoting *Tia v. Crim. Investigation*

2

*Demanded as Set Forth*, 441 F. App'x 457, 458 (9th Cir. 2011)); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Because the Court does not have the power to grant the relief sought, Duell has not met his burden to show that this Court has subject matter jurisdiction over his case. The complaint therefore is DISMISSED for lack of subject matter jurisdiction.

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). But where amendment would be futile, leave is appropriately denied, even where a plaintiff is proceeding pro se. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, amendment would be futile because it would not cure the jurisdictional deficiencies in Duell's purported criminal complaint, and so leave to amend that criminal complaint is DENIED.

Should Duell wish to bring a civil action rather than a criminal one, he would need to pay the $405.00 filing fee applicable to a civil action—rather than the $52.00 filing fee for a miscellaneous action—or file an application to proceed in forma pauperis (IFP), that is, without prepayment of fees. No later than November 29, 2024, Duell may file a letter requesting to convert this action to a civil case and for leave to file an amended complaint, together with the remainder of the civil filing fee or an IFP application.

3

Duell is cautioned that even a civil action must have a jurisdictional basis. Duell is further cautioned that failure to timely file a letter requesting to convert this action to a civil case and for leave to file an amended complaint, together with the requisite filing fees or an IFP application, will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: November 14, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Case No. 24-mc-00639 MWJS-RT; *Todd Alan Duell v. Brenda McCormick*, et al.; ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

4